

July 19, 2017

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia  23219

      RE:    *Grimm v. Gloucester Cnty. Sch. Board v. G.G.*, No. 15-2056
             Appellee's response to 28(j) letter

Dear Ms. Connor,

      Pursuant to FRAP 28(j), Appellee Gloucester County School Board submits this response to Appellant Gavin Grimm's letter concerning *Sessions v. Morales-Santana*, 582 U.S. ___ (June 12, 2017) (slip op.).

      First, Grimm's letter mistakenly contends that *Morales-Santana* supports Grimm's "Fourteenth Amendment" claim. Ltr. at 1. But, as the prior panel found, it would be inappropriate to consider Grimm's Fourteenth Amendment claim in this appeal because the district court did not rule on it. *See G.G. v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 717 n.3 (4th Cir. 2016) ("We will not proceed to the merits of G.G.'s equal protection claim on appeal without the benefit of the district court's prior consideration."), *vacated and remanded*, 137 S. Ct. 1239 (Mar. 6, 2017). Additionally, because the propriety of preliminary injunctive relief is now moot, *see* Def. Supp. Br. at 18-20; Def. Supp. Reply Br. at 2-6, there is no basis for considering Grimm's equal protection claim in this appeal.

      Second, in any event, Grimm misreads *Morales-Santana*. The decision does not mean that equal protection analysis incorporates "current insights and understandings regarding transgender students." Ltr. at 1. Rather, *Morales-Santana* simply rejects the "stunningly anachronistic" view that "unwed fathers care little about, indeed are strangers to, their children." Slip op. at 14, 18.

      Nor does *Morales-Santana* "limit[ ]" the decision in *Nguyen v. I.N.S.*, 533 U.S. 53 (2001), as Grimm mistakenly claims. Ltr. at 1; *cf.* Def. Supp. Br. at 33-34 (discussing *Nguyen*). To the contrary, *Morales-Santana* reaffirms *Nguyen*'s holding that equal protection permits laws recognizing the distinct "biological" relationship of fathers and mothers to their children's birth. *See* Slip op. at 16 (observing *Nguyen* permitted a "paternal-acknowledgment requirement on fathers" different from mothers, who "establish[ ]" the "biological parent-child relationship … by giving birth"). Consequently, *Morales-Santana* does nothing to alter the longstanding

**KYLE DUNCAN**

KDuncan@Schaerr-Duncan.com
(202) 787-1060 (office)
(202) 714-9492 (mobile)

**SCHAERR | DUNCAN** LLP
1717 K Street NW, Suite 900
Washington, DC 20006

www.Schaerr-Duncan.com



equal protection principle that "sex" is an immutable characteristic distinguishing men from women on the basis of biology and physiology. *See, e.g., Frontiero v. Richardson*, 411 U.S. 677, 686 (1973) (observing that "sex, like race and national origin, is an immutable characteristic determined solely by the accident of birth").

Sincerely,

S. Kyle Duncan
Counsel for Appellee

Word count: 347

cc:   Joshua Block, Counsel for Appellant (via ECF)